# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

FIREARMS POLICY COALITION, INC., *et al.*

    *Plaintiffs-Appellees,*

v.

PAMELA BONDI, in her official capacity as Attorney General of the United States,

    *Defendant-Appellant.*

No. 25-11328

## MOTION TO HOLD PROCEEDINGS IN ABEYANCE

Defendant-appellant respectfully requests that proceedings in this matter be held in abeyance pending the Supreme Court's decisions in *Wolford v. Lopez*, No. 24-1046, and *United States v. Hemani*, No. 24-1234. In support of this motion, defendant states the following:

1. In this case, plaintiffs assert Second Amendment challenges to 18 U.S.C. § 930(a) and 39 C.F.R. § 232.1(*l*), which bar individuals from possessing firearms in United States Post Offices. On September 30, 2025, the district court granted plaintiffs' motion for summary judgment and entered final judgment in their favor. On October 28, 2025, the government filed a motion to clarify the district court's judgment or, alternatively, to modify it under Federal Rule of Civil Procedure 59(e). On December 1, 2025, to

preserve its appellate rights, the government filed a notice of appeal to this Court.

2. Shortly after the district court entered final judgment, the Supreme Court granted certiorari in two Second Amendment cases: *Wolford v. Lopez*, No. 24-1046, and *United States v. Hemani*, No. 24-1234. The question presented in *Wolford* is whether the Second Amendment allows a State to make it unlawful for concealed-carry license-holders to carry firearms on private property open to the public without the property owner's express authorization. The question presented in *Hemani* is whether 18 U.S.C. § 922(g)(3), the federal statute that prohibits the possession of firearms by a person who "is an unlawful user of or addicted to any controlled substance," violates the Second Amendment as applied to the respondent. The Supreme Court has scheduled oral argument in *Wolford* for January 20, 2026, and has scheduled oral argument in *Hemani* for March 2, 2026.

3. The Supreme Court's decisions in *Wolford* and *Hemani* could significantly impact these proceedings. In both cases, the Supreme Court will apply the Second Amendment test set forth in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), which the Court has previously applied only twice—in *Bruen* itself and, more recently, in *United States v. Rahimi*, 602 U.S.

680 (2024). *Wolford* is also likely to provide some guidance about the application of *Bruen* to laws restricting where firearms can be carried. Additionally, placing this appeal in abeyance pending those decisions will provide additional time for the district court to issue a ruling on the government's pending motion for post-judgment relief (which focuses on the scope of the district court's remedy) before this appeal proceeds further.

4. The government therefore requests that this case be held in abeyance pending the Supreme Court's resolution of *Wolford* and *Hemani*, so as to conserve the parties' resources and serve the interests of judicial economy. We propose that, within 14 days after the Supreme Court has issued a decision in whichever of these cases it decides later, the parties will inform the Court and propose a revised briefing schedule for any further proceedings in this case.

5. Placing this appeal in abeyance would not prejudice plaintiffs, who currently have the benefit of a district court decision in their favor. Granting this motion would simply extend the period during which that status quo remains in effect.

6. Counsel for plaintiffs have informed the undersigned that plaintiffs oppose this motion.

# CONCLUSION

For the foregoing reasons, the Court should place these proceedings in abeyance and direct that, within 14 days after the Supreme Court has disposed of both *Wolford v. Lopez*, No. 24-1046, and *United States v. Hemani*, No. 24-1234, the parties shall inform the Court and propose a revised briefing schedule for any further proceedings in this case.

Respectfully submitted,

BRETT A. SHUMATE
   *Assistant Attorney General*

MICHAEL S. RAAB
 */s/ Kevin B. Soter*
KEVIN B. SOTER
*Attorneys*
*Civil Division, Appellate Staff*
*U.S. Department of Justice*
*950 Pennsylvania Ave., N.W.*
*Washington, D.C. 20530*
*(202) 305-1754*

JANUARY 2026

## CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2026, I electronically filed the foregoing with the Clerk of the Court by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

*/s/ Kevin B. Soter*
Kevin B. Soter

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), I hereby certify that this motion complies with Federal Rule of Appellate Procedure 27(d)(1)(E) because it was prepared with Calisto MT 14-point, a proportionally spaced font with serifs, and the motion complies with Federal Rule of Appellate Procedure 27(d)(2) because it contains 592 words, according to the word count of Microsoft Word.

*/s/ Kevin B. Soter*
Kevin B. Soter