# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

| | |
|---|---|
| FIREARMS POLICY COALITION, INC., *et al.* <br><br> *Plaintiffs-Appellees*, <br><br> v. <br><br> PAMELA BONDI, in her official capacity as Attorney General of the United States, <br><br> *Defendant-Appellant*. | No. 25-11328 |

## APPELLEES' OPPOSITION TO MOTION TO HOLD APPEAL IN ABEYANCE

Plaintiffs-Appellees respectfully request that this appeal not be held in abeyance pending the Supreme Court's decisions in *Wolford v. Lopez*, No. 24-1046, and *United States v. Hemani*, No. 24-1234. In opposition to the Government's Motion to Hold Proceedings In Abeyance, Doc. 10 (Jan. 5, 2026) ("Mot."), Plaintiffs state the following:

1.  In its decision below, the district court held that 18 U.S.C. § 930(a) and 39 C.F.R. 232.1(*l*), which prevent individuals from carrying firearms on United States Post Office property, are unconstitutional under the Second Amendment. The matter is still pending in the district

1

court on the Defendant's Motion to Clarify or, in the Alternative, to Modify the Permanent Injunction, Doc. 39 (N.D. Tex. Oct. 28, 2025) ("Mot. to Modify").

2. This case both can and should proceed through the appellate process without delay once the district court has ruled on the Government's motion and entered a final order. Neither of the two cases the government cites in support of abeyance provide adequate reason to delay this appeal.

3. "On the question of abeyance, [this court has] traditionally held that even when the Supreme Court has granted certiorari in a relevant case, we will continue to follow binding precedent" without halting the process of the case before it. *United States v. Stewart*, 732 F. App'x 314, 316 (5th Cir. 2018) (mem.). Although this Court has stated that "there may be circumstances suggesting a pause in our application of a decision that is being challenged in the Supreme Court," *id.*, this case does not present that scenario.

4. Rather, the Government argues that *Hemani*, which involves the question of whether or not a person who is an unlawful user of marijuana may possess a firearm, or *Wolford*, which raises the question

of the constitutionality of Hawaii's presumptive ban of carrying firearms on all private property, will provide the Supreme Court an opportunity to "apply the Second Amendment test set forth in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), which the Court has previously applied only twice." Mot. at 2. But if it is not sufficient reason for abeyance for the Supreme Court to grant certiorari in a relevant case, it is certainly not sufficient reason for it to grant certiorari in two unrelated cases that simply involve the same constitutional amendment.

5. The Government attempts to suggest that *Wolford* is at least somewhat more relevant than *Hemani*, by claiming it is "likely to provide some guidance about the application of *Bruen* to laws restricting where firearms can be carried." *Id.* at 3. Even accepting that claim *arguendo*, it fails to meet the standard for holding this appeal in abeyance. And in any event, *Wolford* is unlikely to provide substantial guidance on locational restrictions like the one at issue in this case. The issue in *Wolford* is the constitutionality of restrictions on carrying on private property without permission where firearms have *not* been otherwise banned. *See, e.g.*, Brief for the United States as Amicus Curiae Supporting Petitioners at 22, *Wolford v. Lopez*, No. 24-1046 (U.S. Nov. 24, 2025) ("Unlike laws

3

excluding arms from 'sensitive places,' Hawaii's law covers nearly all private property."). It is unlikely to have much impact on this case, which is about a discrete ban, irrespective of consent, on a subset of government property. It is extremely unlikely to have the sort of controlling significance that this Court has suggested might warrant holding an appeal in abeyance.

6. The Government's position is effectively that, because the Supreme Court is hearing Second Amendment cases this term, this Court should freeze Second Amendment litigation before it. But that would likely delay the briefing and ultimate resolution of this case for months, as neither *Wolford* nor *Hemani* has been argued yet and will likely not be decided until nearly the end of the term. And there will be little to no gains to judicial economy to show for that delay.

7. On the other hand, there is prejudice to Plaintiffs. While the Government asserts that there is not because Plaintiffs "currently have the benefit of a district court decision in their favor," Mot. at 3, that is not functionally the case. The Government has taken the position, and sought to clarify or alter the judgment to accommodate that position, that the injunction should only benefit the two named individual plaintiffs in

4

this case, and not the thousands of other members of the organizational plaintiff. *See* Mot. to Modify at 1–2. If this Court were to review the decision and affirm it, however, that would at least partially resolve Plaintiffs' ongoing constitutional harms, since the government adheres to a policy of intra-circuit acquiescence whereby it declines to enforce within the Fifth Circuit laws which this Court has found unconstitutional. *See* Br. in Supp. of Defs.' Proposed J. at 3, *Reese v. BATFE*, No. 6:20-cv-01438 (W.D. La. Sept. 2, 2025), Doc. 79-2.

## CONCLUSION

The Court should deny the motion to hold the appeal in abeyance pending the Supreme Court's resolution of *Hemani* and *Wolford*.

Dated: January 14, 2026　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　*/s/ David H. Thompson*
　　　　　　　　　　　　　　　　　　David H. Thompson
　　　　　　　　　　　　　　　　　　Peter A. Patterson
　　　　　　　　　　　　　　　　　　William V. Bergstrom
　　　　　　　　　　　　　　　　　　COOPER & KIRK, PLLC
　　　　　　　　　　　　　　　　　　1523 New Hampshire Avenue, N.W.
　　　　　　　　　　　　　　　　　　Washington, D.C. 20036
　　　　　　　　　　　　　　　　　　Tel: (202) 220-9600
　　　　　　　　　　　　　　　　　　Fax: (202) 220-9601
　　　　　　　　　　　　　　　　　　dthompson@cooperkirk.com

　　　　　　　　　　　　　　　　　　*Counsel for Plaintiffs-Appellees*

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2026, I electronically filed the foregoing with the Clerk of the Court by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

*/s/ David H. Thompson*
David H. Thompson

# CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g)(1), I hereby certify that this motion complies with Fed. R. App. P. 27(d)(1)(E) because it was prepared with Century Schoolbook 14-point, a proportionally spaced font, and the brief complies with Fed. R. App. P. 27(d)(2)(A) because it contains 837 words, according to the word count of Microsoft Word.

*/s/ David H. Thompson*
David H. Thompson
